UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY MINEO,

        Plaintiff,

  -against-

TOWN OF HEMPSTEAD *et al.*,

        Defendants.
-------------------------------------------------------------------X

**ORDER**

22-CV-04092 (JMA) (JMW)

**A P P E A R A N C E S:**

Gerald V. Dandeneau, Esq.
**Dandeneau & Lott**
425 Broadhollow Road
Melville, NY 11747
*Attorney for Plaintiff*

Deanna Darlene Panico, Esq.
**Bee Ready Fishbein Hatter & Donovan, LLP**
170 Old Country Road, Suite 200
Mineola, NY 11501
*Attorney for Defendants*

**WICKS,** Magistrate Judge:

      On July 13, 2022, Plaintiff, Anthony Mineo filed this suit against Defendants Town of Hempstead; John Rottkamp, individually and in his capacity as Commissioner of the Town of Hempstead Building Department; John Novello, individually and in his capacity as the Deputy Commissioner of the Town of Hempstead Building Department; Raymond Schwarz, individually and in his capacity as Supervisor of Inspection Services for the Town of Hempstead; and Roy Gunther, individually and in his capacity as Chief Code Enforcement Officer for the Town of Hempstead. Before the Court is Defendants' motion to stay (ECF No. 26) pending the outcome of their motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF


No. 22). For the reasons that follow, the Court concludes a stay is warranted under the circumstances and therefore Defendants' motion (ECF No. 26) is granted.

## BACKGROUND

Plaintiff alleges violations of the anti-retaliation provisions of the Family and Medical Leave Act ("FMLA"), 42 U.S.C. § 1983, and the Fair Labor Standards Act ("FLSA"). (ECF No. 1 at 2.) On September 28, 2023, the Court held an initial conference and entered a discovery schedule. (ECF Nos. 11 and 12.)

On September 7, 2022, Defendants filed a pre-motion conference letter regarding their anticipated motion to dismiss. (ECF No. 7.) Plaintiff did not oppose this request. (ECF No. 10.) District Judge Joan M. Azrack subsequently ordered the parties to propose a briefing schedule, which was submitted (ECF No. 13) and adopted. (*See* Electronic Order dated Nov. 1, 2022.) In a similar fashion, Plaintiff filed a pre-motion conference letter for his anticipated cross-motion to file an amended complaint and a proposed briefing schedule, which was subsequently adopted. (ECF Nos. 14 and 17; Electronic Order dated Feb. 23, 2023.) After requested extensions, Judge Azrack directed parties to file both motions by May 10, 2023 and they did. (ECF Nos. 21 and 22.)

At the next few status conferences, the Court extended fact discovery deadlines. (ECF Nos. 16 and 23.) Parties then moved for an extension of time to complete discovery which was granted until November 1, 2023. (Electronic Order dated Sept. 3, 2023.) The Court held a status conference on October 12, 2023 at which point the Court directed parties to file a letter as to whether they intend on seeking a stay. (ECF No. 25.) On November 1, 2023, Defendants filed a motion for a stay pending the outcome of their motion to dismiss. (ECF No. 26.) Defendants

aver that paper discovery is largely complete but the parties have yet to begin depositions, which is a costly process.  (*Id.*)  Plaintiff's counsel has consented to this request.  (*Id.*)

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The filing of a dispositive motion in and of itself does not halt discovery obligations.  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No. 2005-CV-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery.  *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).  In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  *Id.* (citation omitted).  "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular

circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Here, as for the *first* factor, the Court finds "good cause" in light of the arguments raised Defendants' motion to dismiss. Notably, the arguments Defendants set forth appear at least on their face to make a credible showing that, at bottom, all of Plaintiff's claims are time-barred. *See Parada v. Banco Indus. De Venez.*, 753 F.3d 62, 70 (2d Cir. 2014) ("The FLSA provides a two-year statute of limitations on actions to enforce its provisions, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'") (citing 29 U.S.C. § 255(a)); *Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) ("The statute of limitations for § 1983 actions arising in New York is three years."); *Tsekhanskaya v. City of N.Y.*, No. 18-CV-7273 (KAM)(LB), 2020 U.S. Dist. LEXIS 179477, at *21 (E.D.N.Y. Sept. 29, 2020) ("FMLA claims are subject to a two-year statute of limitations, and this time limit is extended to three years if the FMLA violations are 'willful.'") (citing *Offor v. Mercy Med. Ctr.,* 676 F. App'x 51, 53 (2d Cir. 2017)). Here, Plaintiff commenced his case on July 13, 2022 and makes allegations that occurred as early as January 2017 and as late as January 2019. (ECF No. 1.) Thus, even if the Court were to give Plaintiff the benefit of the three-year statute of limitations period, his claims, at first blush, still would not survive. Thus, it appears Defendants' arguments are at least not unfounded in the law. *See Gandler v. Nazarov*, No. 94-CV-2272 (CSH), 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994) (finding a stay warranted where the dispositive motion "appears not to be unfounded in the law").

Moreover, the *second* factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendants if their motion to dismiss is indeed granted. Here, Defendants' motion to dismiss seeks dismissal of the entire complaint on multiple grounds, and if granted, any discovery, including depositions and obtaining the remainder of paper discovery, conducted in the interim would have been without purpose. (*See* ECF No. 26.) Such discovery, as Defendants have noted, can be particularly costly and it would be most prudent to avoid these expenses if possible. *Lastly*, there is no prejudice identified if a stay is granted. Notably, the instant motion is unopposed.

Accordingly, weighing all of the relevant factors, the Court finds that a stay of discovery is warranted under the circumstances.

### III. CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of discovery pending the outcome of the motion to dismiss. Therefore, the motion to stay (ECF No. 26) is hereby granted and discovery in this action is stayed pending resolution of Defendants' motion to dismiss.

Dated: Central Islip, New York
November 3, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5